Honorable Lynn Kessler State Representative, 24th District P. O. Box 40600 Olympia, WA 98504-0600
Honorable Timm Ormsby State Representative, 3rd District P. O. Box 40600 Olympia, WA 98504-0600
Dear Representatives Kessler and Ormsby:
In separate letters, you have both asked for our opinion on questions relating to the fees which may be charged by public libraries. Because the analysis relating to the two questions is similar, we have combined your requests and address the following two questions:
1. May a public library charge user fees for the services provided by the library?
2. Does a public library operated by a city organized under the Optional Municipal Code (RCW Title 35A) have authority to charge fines for overdue books and other library materials?[1]
 BRIEF ANSWERS
Existing statutory law prohibits public libraries from charging fees for traditional library services, such as borrowing books or reviewing materials at the library. Libraries may charge fees for services which are beyond the traditional purposes of a library and are provided as a convenience for the public. Public libraries have authority to impose and collect fines for keeping library materials beyond their due date or otherwise abusing the right of free access to the library.
 ANALYSIS
Your questions concern the proper interpretation of statutes which authorize the establishment of public libraries by cities, counties, and various special purpose districts. These statutes are generally codified in RCW 27.12. The following two provisions are especially relevant to this discussion:
"Library" means a free public library supported in whole or in part with money derived from taxation[.]
RCW 27.12.010(3) (underlining added).
Every library established or maintained under this act[2] shall be free for the use of the inhabitants of the governmental unit in which it is located, subject to such reasonable rules and regulations as the trustees find necessary to assure the greatest benefit to the greatest number, except that the trustees may charge a reasonable fee for the use of certain duplicate copies of popular books.
RCW 27.12.270. The public library statutes include numerous additional references to "free public libraries." With these references in mind, we proceed to your questions:
1. May a public library charge user fees for the services provided by the library?
This question was addressed in some detail by AGO 1992 No. 31 (copy enclosed). We reviewed the statutes discussed in AGO 1992 No. 31, and none of them has been amended in such a way as to call into question the conclusions we reached in 1992.
Accordingly, we reaffirm AGO 1992 No. 31 and summarize its conclusions here for ease of reference. First, we concluded that a public library could not charge for "library services," giving that term its ordinary meaning. AGO 1992 No. 31, at 3. We defined the term as "one which the public library was established to provide, as opposed to one which may be available merely as a convenience or one which may be equally provided by institutions other than the library." Id. at 6.[3] Thus, a library cannot charge users a fee for admission to the library, for access to its collections (with exceptions noted below), or for borrowing library materials[4] and taking them off-premises for a reasonable period of time. We also concluded that "online searching" remote databases, research and reference services, and access to regional library networks are examples of "quintessential library" services, and public libraries may not charge for these services. Id. at 6.
AGO 1992 No. 31 recognized two broad categories of exception to this rule. First, we concluded that libraries may charge for services which are not "library services" but are "provided as a convenience that are equally available elsewhere." In this category, we included fees for the use of public telephones, photocopying and fax machines, and for mailing materials to residents who choose not to obtain the materials in person. Id. at 3. Second, we noted that the statutes require the provision of "free" services only to residents of the city, county, or district served by the library and that the law does not preclude fees charged to nonresidents. Id. at 6. In summary, then, public libraries may not charge "user fees" for "library services" but could charge fees for other "non library" services which would be available elsewhere but are provided to library users as a convenience.
2. Does a public library operated by a city organized under the Optional Municipal Code (RCW Title 35A) have authority to charge fines for overdue books and other library materials?
In AGO 1992 No. 31, we concluded that public libraries may not charge for "library services" provided to residents of the city, county, or district operating the library. The 1992 opinion did not discuss whether libraries may impose fines on residents who borrow library materials and do not return them in a timely manner. We understand your second question to be prompted by a proposed change of policy in a library operated by a city organized under the Optional Municipal Code (RCW Title 35A). This library has not historically imposed fines for overdue returns of library materials but proposes to do so in the future.
We note initially that charging a resident for not timely returning a borrowed book or videotape presents different issues from charging the resident for borrowing the material in the first instance. A library which charged all users for borrowing materials would no longer be a "free" library in any meaningful sense. By contrast, imposing a fine or charge for keeping materials beyond a reasonable loan period serves a purpose that seems consistent with the general idea of a "free" public library-promoting the reasonable access to materials by the general class of library users by discouraging, through a financial penalty, users who "hog" materials and make them unavailable to their fellow citizens.
This point seems implicit in that portion of RCW 27.12.270, which provides that libraries shall be free "subject to such reasonable rules and regulations as the trustees find necessary to assure the greatest benefit to the greatest number". This language clearly modifies the main clause of the sentence ("[e]very library established or maintained under this act shall be free") and clearly suggests that the Legislature intended that libraries should have some leeway to make reasonable rules about the use of library materials-rules that might incidentally impact the extent to which the library is "free." A rule permitting users to borrow library materials for a reasonable period of time, coupled with a fine for failing to stay within that reasonable limit, passes the test for a rule designed "to assure the greatest benefit to the greatest" number. Users who comply with the reasonable rules never incur a fine. Only those who abuse the privilege, and thus deny others their share of library services, are affected.[5] Since fines are not fees for receiving library services, but penalties for the abuse of library privileges, we do not see the imposition of fines as inherently inconsistent with the "free" nature of a public library.
In reviewing the materials submitted with the opinion requests, we noted three basic arguments why the law should be interpreted to preclude public libraries from imposing fines: (1) that such fines are inconsistent with the "free" nature of a public library; (2) that the Legislature has provided statutory remedies from misuse of library materials-remedies that should be deemed exclusive; and (3) that the particular library whose proposal led to the opinion request had given the need to raise revenue as its basis for imposing fines. The first point has already been discussed.
As to the second point, the Legislature has provided statutory sanctions for certain types of library misconduct, but we do not read these as precluding the imposition of library fines. RCW 27.12.290 provides that a library "may exclude from the use of the library . . . any person who [willfully] and persistently violates any rule or regulation prescribed for the use of the library or its facilities or any person whose physical condition is deemed dangerous or offensive to other library users." In addition, RCW 27.12.340 makes it a "class 4 civil infraction for any person to [willfully] retain any book, newspaper, magazine, pamphlet, manuscript, or other property belonging in or to any public library . . . for thirty days after notice in writing to return the same, given after the expiration of the time that by the rules of such institution such article or other property may be kept."
These two statutes provide libraries with remedies, but only in the most extreme cases of abuse of library privileges. The remedy provided in RCW 27.12.290-exclusion from the use of the library-may be applied only to willful and persistent violators. For a library patron who has merely forgotten to return loaned material, this provision is inapplicable and, for most patrons at least, probably unreasonably harsh. Likewise, RCW27.12.340 requires the machinery of civil infraction notices and the potential involvement of the court system. Most libraries will want to reserve these options for the most egregious cases. Nothing in either statute is inconsistent with the establishment of a system of library fines, and the fines will probably be a more effective enforcement tool than the threat of losing library privileges or receiving a civil infraction notice.[6]
On the third point noted above, we will not attempt to resolve a factual issue as to the true motive of a library in establishing rules concerning library fines. Fines do incidentally produce revenue, and such revenue might offset the library's increased costs resulting from patrons' failure to return loaned materials in a timely manner, or they might provide additional revenue for other library purposes. Assuming that the library sets a reasonable period for borrowing and using materials, however, and assuming that the fines are reasonable in amount, patrons can avoid the fines by returning library materials on or before their due date. This makes it unlikely that fines would ever be more than an irregular and incidental source of revenue.
Because we conclude that RCW 27.12.270 and related statutes permit all libraries to make reasonable rules governing the use of library materials, including the authority to impose and collect reasonable fines for violating the rules, we do not reach the question whether a library established by a city operating under the Optional Municipal Code has an alternative basis for imposing fines.
We trust the foregoing will prove useful.
Sincerely,
ROB MCKENNA Attorney General
JAMES K. PHARRIS Senior Assistant Attorney General
:pmd
enclos.
[1] Question 1 derives from Representative Ormsby's request and Question 2 from Representative Kessler's. In both cases, we have paraphrased the questions slightly so that our answers can be more clear.
[2] In a note following RCW 27.12.270, the Code Reviser suggests that "this act" should refer to the basic library act, Laws of 1935, ch. 119. RCW 27.12.270 was enacted as section 13 of that chapter and has not been amended since its original 1935 enactment.
[3] The 1992 AGO did not define "library services" any more specifically, but the ordinary meaning of the term includes acquiring and maintaining a collection of books, documents, films, tapes, and electronic data for use by the general public, whether the use occurs on the library premises or through a system of short-term loans.
[4] AGO 1992 No. 31 does not discuss whether libraries are required to make material available for off-premises lending. We do not do so here either, except to note that the lending of books, music, videotapes and other materials is a typical library activity. The opinion simply suggests that to the extent a library does provide materials for loan for off-site use, it may not charge a lending fee.
[5] In addition to the cited language from RCW 27.12.270, library trustees have authority (1) to adopt bylaws, rules, and regulations "for the government of the library as they deem expedient" (RCW27.12.210(1)); (2) to have "the supervision, care, and custody of all property of the library" (RCW 27.12.210(2)); and (3) to "do all other acts necessary for the orderly and efficient management and control of the library" (RCW 27.12.210(10)).
[6] If RCW 27.12.290 and .340 provide the only sanctions for misuse of library materials, and fines are not permissible, the term "free library" would have to be interpreted as permitting virtually unlimited use of library materials by any resident, barring only conduct which triggers loss of library privileges or a civil infraction. It seems highly unlikely that the Legislature intended such a situation.